# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

DAVID SILVER,

        Plaintiff,

v.                                          CV 15-830 WPL/KK

QUORA, INC., and ADAM D'ANGELO,
Found, Principal Owner, and CEO, Quora, Inc.,

        Defendants.

## ORDER GRANTING MOTION TO DEEM FILING WAS TIMELY
## AND AFFIRMING PREVIOUS RULING

Silver filed an Unopposed Supplemental Motion to Deem Filing was Timely (Doc. 49) regarding his late response to the Defendants' motion to dismiss (Doc. 38). Judge Khalsa's December 10, 2015, Order granted Silver until January 22, 2016, to file his supplemental response. (Doc. 27.) Silver did not file his response until January 27, 2016 (Doc. 38), and did not request leave of Court to file his response late. Silver now requests that I consider his supplemental response timely because the parties agreed to extend Silver's response deadline. The parties are reminded that deadlines imposed by the Court require a Court order to be amended. Additionally, the parties are reminded that D.N.M.Civ. LR-7.4(a), when the parties agree to an extension of time, "the party requesting the extension must file notice identifying the new deadline and the document (response or reply) to be filed." Silver failed to comply with this Rule.

Given that Silver proceeds pro se and the parties apparently agreed to an extension of Silver's supplemental response deadline and failed to notify the Court, Silver's motion to consider his supplemental response timely field is granted.

Having granted Silver's motion to consider his supplemental response, I turn again to my ruling that Defendant D'Angelo be dismissed for lack of personal jurisdiction. (*See* Doc. 35.) Silver's supplemental response does not address any of the issues relevant to this Court's personal jurisdiction over D'Angelo. Silver's "Item 1" does not address D'Angelo at all. (Doc. 38 at 1.) Silver's "Item 2" addresses D'Angelo only to the extent that D'Angelo is apparently unaware of two national laboratories in New Mexico. (*Id.* at 2.) Silver does not explain, and I cannot see, how D'Angelo's knowledge or lack thereof of the national laboratories and his personal security relates to personal jurisdiction over D'Angelo in this case. "Item 3" takes issues with D'Angelo's response to an interrogatory asking whether Quora's algorithms prohibit New Mexico users from joining. (*Id.*) As noted in my previous Order, to establish personal jurisdiction over D'Angelo, Silver must show that D'Angelo availed himself of the laws of New Mexico: the cited answer in Silver's response deals with Quora and Quora's algorithms, not with D'Angelo. Furthermore, Silver does not allege that D'Angelo, in his corporate capacity, is responsible for creating Quora's algorithms.

Nothing in Silver's supplemental response or his amended complaint gives rise to personal jurisdiction over D'Angelo. I, again, find no evidence that D'Angelo personally has any contacts with New Mexico. Therefore, I again conclude that New Mexico courts lack personal jurisdiction over D'Angelo in his individual capacity. With respect to D'Angelo's corporate capacity, Silver still does not allege any particular act by D'Angelo that could make him a

primary participant in the alleged wrongdoing for purposes of personal jurisdiction. (*See* Doc. 35 at 9-10.)

The Clerk's Office is directed to unseal Document 38, Silver's supplemental response. Even having considered Silver's supplemental response, this Court lacks personal jurisdiction over D'Angelo and I affirm my previous dismissal of D'Angelo as a party-defendant.

IT IS SO ORDERED.

_____
William P. Lynch
United States Magistrate Judge

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any pro se
party as they are shown on the Court's docket.