IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DAVID SILVER,

       Plaintiff,

v.                                                                             CV 15-830 WPL/KK

QUORA, INC.,

       Defendant.

**ORDER GRANTING DEFENDANT'S**
**MOTION TO DISMISS AND MOTION TO STRIKE**

Quora, Inc., filed a motion to dismiss. (Doc. 55.) Quora contends that David Silver's claims against it must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) because it is entitled to the immunity offered by 47 U.S.C. § 230. I agree. Additionally, Quora filed a motion to strike (Doc. 61) Silver's surreply (Doc. 60), which he filed without leave of court. For the reasons explained below, I grant Quora's motion to strike the surreply (Doc. 61), strike the surreply (Doc. 60), grant Quora's motion to dismiss under Rule 12(b)(6) (Doc. 55), and dismiss all claims against Quora.

**BACKGROUND**

The following background information comes from the Third Amended Complaint (Doc. 52) and is not a final adjudication of the facts in this case.

Silver is a long-time venture capitalist and investment banker residing in New Mexico. He filed suit against Quora over two statements posted on Quora's website by two allegedly fictitious persons in response to a question about Silver. One statement comes from Tessa Salton and states that Silver is "not licensed or accredited any longer. A fraud." (Doc. 52 at 2.) The

other comes from Neil MacAskill and reads that "[y]ou are better off buying lottery tickets. One of our checks to him supposedly got lost so we sent him another. Then he cashed both and never did a thing for us. Said he built a business development plan but never delivered it. Save your money." (*Id.* at 2-3.) Silver alleges that these statements are false. Silver further contends that Quora employees may have written or edited these statements. He wrote Quora and requested that Quora remove the statements. Silver contends that the ability of two fictitious persons to post on Quora violates Quora's Terms of Service ("TOS"). Thus, he alleges that the Defendant "wantonly publish[ed] . . . libelous and defamatory statements," in violation of the TOS. (*Id.* at 6.) Silver brings a single state-law claim for "libel/defamation" against Quora for Quora's failure to remove the allegedly libelous statements.

## STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 12(b)(6), the Court considers whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 667 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When considering a motion to dismiss under Rule 12(b)(6), the Court considers "the complaint as a whole, along with the documents incorporated by reference into the complaint" and construes all well-pleaded allegations in the light most favorable to the plaintiff. *Nakkhumpun v. Taylor*, 782 F.3d 1142, 1146 (10th Cir. 2015) (citations omitted). "Well-pled" means that the allegations are "plausible, non-conclusory, and non-speculative." *Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063, 1070 (10th Cir. 2008). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Courts "disregard conclusory statements and look only to whether the remaining, factual allegations plausibly suggest the defendant is liable."

*Mocek v. City of Albuquerque*, 813 F.3d 912, 921 (10th Cir. 2015) (quoting *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012)).

A court may resolve a motion to dismiss under Rule 12(b)(6) on the basis of an affirmative defense, such as the statute of limitations or statutory immunity, when the facts establishing the defense are apparent on the face of the complaint. *Klayman v. Zuckerberg*, 753 F.3d 1354, 1357 (D.C. Cir. 2014); *Miller v. Shell Oil Co.*, 345 F.2d 891, 893 (10th Cir. 1965).

Because Silver proceeds pro se, I construe his pleadings liberally and hold them to a less stringent standard than is required of a party represented by counsel. *See Weinbaum v. City of Las Cruces, N.M.*, 541 F.3d 1017, 1029 (10th Cir. 2008) (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)). Liberal construction requires courts to make some allowance for pro se litigants' "failure to cite proper legal authority, [their] confusion of various legal theories, [their] poor syntax and sentence construction, or [their] unfamiliarity with pleading requirements[.]" *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (quoting *Hall*, 935 F.2d at 1110). However, "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Id.* (citation omitted).

### MOTION TO STRIKE SURREPLY

Local Civil Rule 7.4(b) states that the filing of a surreply requires leave of court. The decision to grant the filing of a surreply is within the court's sound discretion. *Beaird v. Seagate Tech., Inc.*, 145 F.3d 1159, 1164 (10th Cir. 1998). Leave to file a surreply is appropriate when the court relies on new materials or new arguments in a reply brief. *See id.* at 1165 (discussing surreplies in the summary judgment context). Leave to file a surreply should be granted even when there are no new legal arguments made in the reply, but new evidentiary materials are

appended to the reply in support of arguments already made. *Doebele v. Sprint/United Mgmt. Co.*, 342 F.3d 1117, 1139 n.13 (10th Cir. 2003).

Silver filed a surreply without requesting leave of court (Doc. 61), and Quora moved to strike the unauthorized surreply (Doc. 63). In responding to Quora's motion to strike, Silver still does not request leave of court and does not contend that Quora made new legal arguments or attached new evidentiary materials. Quora did not make new legal arguments or present new evidence in its reply. There is no reason to grant leave to file a surreply in this instance.

Accordingly, I grant Quora's motion to strike the surreply and hereby strike Silver's unauthorized surreply (Doc. 61).

## MOTION TO DISMISS

Quora contends that the § 230 of the Communications Decency Act ("CDA"), 47 U.S.C., § 230 (2016), applies to this case and provides immunity to Quora. Quora argues that it is an "interactive computer service" covered by the immunity provisions of the CDA; that the allegedly libelous statements were posted by "another information contend provider," meaning that Quora cannot be held liable for those statements; that Quora is not liable for any of its editorial functions; and the claim related to the post by Tessa Salton is barred by the statute of limitations.

In his response to the motion to dismiss, Silver initially argues that Quora is not an interactive computer service because the Oxford American Dictionary "defines 'interact' as 'act reciprocally,'" and "Quora does not send messages to people and seek a reciprocal response." (Doc. 56 at 2.) Silver goes on to argue that the CDA only covers "interactive service providers," such as AOL or gmail. Silver further contends that Quora is a "publisher" or "distributor" of information and relies on *Grace v. eBay Inc.*, 16 Cal. Rptr. 3d 192 (Cal. Ct. App. 2004),

*depublished by Grace v. eBay Inc.*, 99 P.3d 2 (Cal. 2004), *and* Cal. Rules of Court 8.1105(e)(1) and 8.1115(a), to argue that Quora is not entitled to CDA immunity in this case.

Section 230 of the CDA defines an interactive computer service ("ICS") as "any information service, system, or access software provider that provides or enables computer access by multiple users to a computer server, including specifically a service or system that provides access to the Internet and such systems operated or services offered by libraries or educational institutions." 47 U.S.C. § 230(f)(2). An information content provider ("ICP") means "any person or entity that is responsible, in whole or in part, for the creation or development of information provided through the Internet or any other interactive computer service." 47 U.S.C. § 230(f)(3). Additionally, the statute clarifies that "[n]o provider or user of an [ICS] shall be treated as the publisher or speaker of any information provided by another [ICP]," and that "[n]o cause of action may be brought and no liability may be imposed under any State or local law that is inconsistent with [§ 230]." 47 U.S.C. § 230(c)(1), (e)(3).

The CDA "mandates dismissal if (i) [Quora] is a 'provider or user of an interactive computer service,' (ii) the information for which [Silver] seeks to hold [Quora] liable was 'information provided by another information content provider,' and (iii) the complaint seeks to hold [Quora] liable as the 'publisher or speaker' of that information." *Klayman*, 753 F.3d at 1357 (quoting 47 U.S.C. § 230(c)(1)). I find that all three prongs of that test are satisfied.

Quora is an Internet-based social question-and-answer website that allows its users worldwide to share information, opinions, questions, and other content of the users' own choosing for free. Quora qualifies as an ICS because it is a service that provides information to "multiple users" by giving them "computer access . . . to a computer server," namely the servers that host its website. 47 U.S.C. § 230(f)(2).

5

While Silver disputes that Quora meets the definition of an ICS, he misapprehends the statutory language. Silver argues that the CDA does not apply to websites. This is incorrect. Other courts have held that interactive social websites, such as Facebook, qualify as ICSs. *See Klayman*, 753 F.3d at 1358. The touchstone of those decisions has been the ability of "multiple users" to access the service.

Second, Silver makes only the conclusory statement that the offending content "may have been written by Quora employees, or edited by Quora employees, and chosen as the best answers [by Quora employees]." (Doc. 52 at 6.)  This statement is conclusory and not entitled to a presumption of truth at the motion to dismiss phase. *See Mocek*, 813 F.3d at 921 (courts "disregard conclusory statements"). Nowhere does Silver allege that Quora is responsible for creating the offending content. Silver does not even contend that Quora provided, created, or developed any portion of the content, aside from possibly "editing" the responses. (Doc. 52 at 6.) Much like the circumstances in *Klayman*, this case rests on "information provided by another information content provider," within the meaning of § 230(c)(1). Like Facebook, even if Quora provides some content on its pages, it is not plausible that Quora created or developed the content at issue in this case. *Compare, e.g., Fair Housing Council of San Fernando Valley v. Roommates.com, LLC*, 521 F.3d 1157, 1166, (9th Cir. 2008) (en banc) (housing website not entitled to CDA protection when it requires users to disclose their sex, family status, and sexual orientation, as well as those of their desired housemates, in violation of federal housing law), *with Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 257 (4th Cir. 2009) (CDA protection applies when website did not "contribute[ ] to the allegedly fraudulent nature of the comments at issue").

Third, Silver seeks to hold Quora liable as the "publisher" of the offending statements. 47 U.S.C. § 230(c)(1). The CDA does not define the term "publisher," but "its ordinary meaning is 'one that makes public,' and 'the reproducer of a work intended for public consumption.'" *Klayman*, 753 F.3d at 1359 (quoting WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 1837 (1981)). "Indeed, the very essence of publishing is making the decision whether to print or retract a given piece of content"—which, like *Klayman*, is the very thing for which Silver wishes to hold Quora accountable. *Id.* Silver's only claim—for libel—turns entirely on Quora's decision not to remove the allegedly defamatory statements.

Other courts have held that similar conduct falls under § 230's immunity provisions. *See, e.g., Zeran v. America Online, Inc.*, 129 F.3d 327, 330 (4th Cir. 1997) (the CDA protects against liability for the "exercise of a publisher's traditional editorial functions—such as deciding whether to publish, withdraw, postpone, or alter content"); *Universal Commc'n Sys., Inc. v. Lycos, Inc.*, 478 F.3d 413, 422 (1st Cir. 2008) (same); *Green v. America Online*, 318 F.3d 465, 471 (3d Cir. 2003) (same); *Roommates.com*, 521 F.3d at 1170-71 ("any activity that can be boiled down to deciding whether to exclude material that third parties seek to post online is perforce immune under section 230").

Silver contends that *Grace v. eBay Inc.*, a 2004 case from the California Court of Appeals, provides support for his argument that the CDA distinguishes between publishers and distributors because the common law of libel distinguishes between the two: with publishers being entities "such as an author or a publishing company," and distributors including "a book seller, news vendor, or library." 16 Cal. Rptr. 3d at 198-99. "In light of the common law distinction between liability as a primary publisher and liability as a distributor," the *Grace* court

concluded "that section 230(c)(1) does not clearly and directly address distributor liability and therefore does not preclude distributor liability." *Id.* at 199.

While *Grace* may have provided some support for Silver's argument, *Grace* is not a citable case because the California Supreme Court granted review in *Grace v. eBay Inc.*, 99 P.3d 2 (Cal. 2004), and California Rule of Court 8.1105(e)(1) states that "[u]nless otherwise ordered [by the California Supreme Court], an opinion is no longer considered published if the [California] Supreme Court grants review or the rendering court grants rehearing," and Rule 8.1115(a) states that, subject to two exceptions not relevant in this instance, "an opinion of a California Court of Appeal or superior court appellate division that is not certified for publication or ordered published must not be cited or relied on by a court or a party in any other action." That is, under California law, the *Grace* decision cited by Silver has been superseded and is no longer citable authority. Even if *Grace* were good law, it would not overwhelm the weight of federal circuit authority on this matter.

For the reasons explained above, Quora qualifies for the immunity offered by § 230(c)(1), and Silver may not sue Quora under state law because state law is preempted by § 230(e)(3). Quora's motion to dismiss is granted. Because I have granted Quora's motion on the basis of the CDA, I do not reach Quora's argument about the statute of limitations.

## CONCLUSION

For the reasons discussed above, Quora's motion to strike the unauthorized surreply is granted. Silver's unauthorized surreply is stricken from the record. Additionally, Quora's motion to dismiss on the basis of CDA immunity is granted. All claims against Quora are dismissed.

IT IS SO ORDERED.

_____
William P. Lynch
United States Magistrate Judge

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any pro se
party as they are shown on the Court's docket.